534     APPELLATE COURTS OF ILLINOIS.

Wildman Boiler Works v. Gt. Western Etc. Co., 166 Ill. App. 534.

## Wildman Boiler Works, Defendant in Error, v. Great Western Smelting and Refining Company, Plaintiff in Error.

## Gen. No. 16,228.

APPEALS AND ERRORS—*when finding of court not disturbed.* The finding by the court as to the facts will not be set aside on review unless clearly and manifestly against the weight of the evidence.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 22, 1911.

EASTMAN, EASTMAN & WHITE, for plaintiff in error.

STEELE & SILBER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The defendant in error brought suit against the plaintiff in error in the Municipal Court for work done and material furnished in the repairs of a cast iron kettle used in melting metals.

There was a trial before the court without a jury, and a finding and judgment for the plaintiff.

We are asked to reverse this judgment, principally on the ground that the finding was against the preponderance of the evidence. We have carefully read the testimony in the case and the briefs and arguments of counsel, and cannot say that the finding is so manifestly against the weight of the evidence that there should be a reversal.

The finding of a court which sees and hears witnesses is entitled to the same consideration in this court as the verdict of a jury, and it has repeatedly been held that it is only where this court can determine that the manifest weight of the evidence

is against the finding that a judgment will be reversed on that account.

Objection is also made that the court committed error in peremptorily everruling the motion of plaintiff in error for a new trial, without giving the plaintiff in error an opportunity to be heard upon the same. We do not find any point raised by the record which would justify the granting of such a motion, and no claim is made in the argument that any reason existed for the granting of a new trial except that the finding was against the weight of the evidence. All that the court could have done under the circumstances, in hearing the motion, would have been to listen to a re-argument of the case, and this we do not think it was called upon to do.

It ought to be observed also that where a case is tried before a court without a jury no motion for a new trial is necessary to protect the rights of the defeated party.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

MR. PRESIDING JUSTICE BALDWIN took no part in the decision of this case.